```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       JACKSON DIVISION

TRACY M. OLIVER, #115401                                PLAINTIFF

VERSUS                         CIVIL ACTION NO.  3:08cv209TSL-JCS

MISSISSIPPI DEPARTMENT OF CORRECTIONS,
CHRISTOPHER EPPS, Commissioner;
JANE MAPP;
DIRECTORY LYNETTE JORDON; and
ASSOCIATE WARDEN TINA LADNER                            DEFENDANTS
```

## MEMORANDUM OPINION

Plaintiff Tracy M. Oliver, an inmate at the Central Mississippi Correctional Facility, Pearl, Mississippi, files this complaint pursuant to 42 U.S.C. § 1983. The defendants named in the complaint are the Mississippi Department of Corrections, Christopher Epps, Jane Mapp, Lynette Jordon, and Tina Ladner. The plaintiff is seeking monetary relief as well as her immediate release.

## Background

According to the complaint, the plaintiff was serving a federal sentence when she was sentenced by the Circuit Court of Desoto County, Mississippi, on September 26, 2005, for a state court criminal conviction. Even though she states that the state Classification Hearing Officer placed her in "out/other" custody on October 25, 2005, the plaintiff asserts that she should have been assigned trusty[1] classification and therefore, should have

---

[1]"Trusty time is a reduction in sentence which may be granted in addition to any other administrative reduction in sentence to an

begun receiving "trusty" earned time credits on October 25, 2005. According to the complaint, on November 7, 2005, the plaintiff was returned to her former housing unit at Federal Prison Camp – Bryan in Bryan, Texas, to serve the remainder of her federal sentence.  She was discharged from her federal sentence on December 8, 2006, and was processed through MDOC's internal classification on February 28, 2007, at which time she was classified as "trusty" status.  The plaintiff argues that her trusty status for her state court conviction was effective on October 25, 2005, not February 28, 2007.  Thus, the plaintiff contends that her release date is incorrect.

## Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides  that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal --  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since the plaintiff was granted in forma pauperis status, Section 1915(e)(2) applies to the instant case.  As discussed below, the plaintiff's § 1983

---

offender in trusty status as defined by the classification board of MDOC."   Golden v. Epps, 958 So.2d 271, 274 (Miss. 2007)(citing Miss. Code Ann. § 47-5-138.1 (Rev. 2004)).

action is frivolous[2].

The plaintiff is complaining about (1) the date when she is considered "in custody" by MDOC and (2) her custody classification with MDOC.  Specifically, the plaintiff argues that she was in custody of the MDOC when the information was entered in the database on October 25, 2005; and that she has a constitutional right to be classified at that time as a "trusty" according to the Mississippi Code Annotated § 47-5-138.1 and the MDOC Standard Operating Procedures (SOP's).  As discussed below, this court is not persuaded by the plaintiff's arguments.

This court finds that the plaintiff was not in the custody of the MDOC on October 25, 2005.  The MDOC Classification Plan (SOP 22-01-01) states that the plan "applies to all offenders committed to the Mississippi Department of Corrections." (Comp. p. 35).  Since the plaintiff was not committed to MDOC on October 25, 2005, but was placed in "out/other" custody because she was returned to a federal facility to serve the remainder of her federal sentence, she was not eligible to be classified by the MDOC until she was released from federal custody.[3]

---

[2] A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law.  <u>See</u>, e.g., <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989).

[3] Once she was processed by MDOC classification on February 28, 2007, she was placed in trusty status and according to the complaint, has received credit for that time.

Moreover, the plaintiff does not have a constitutional right under the Constitution to receive a certain custodial classification while incarcerated.  Meacham v. Fano, 427 U.S. 215 (1976);  Neals v. Norwood, 59 F.3d 530, 533 (5th Cir.1995)(a prison inmate does not have a protectable liberty interest in his custodial classification).  The classification of prisoners in certain custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention." McCord v. Maggio, 910 F.2d 1248, 1250-51 (5th Cir.1990)(citations omitted).

Additionally, this court finds that the state classification statutes fail to establish that the plaintiff has a protected liberty interest at stake.  A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 32 L.Ed. 2d 418 (1995).  The classification of the plaintiff in a certain level of custody is not an "atypical and significant hardship" of prison life.  Therefore, since the classification of the plaintiff in a certain level of custody is not an "atypical and significant hardship", there has been no constitutionally protected right created.  The United States Court of Appeals for the Fifth Circuit has held that the Mississippi state

classification statutes, Mississippi Code Annotated §§ 47-5-99 to 47-5-103 (1972), do not create an expectation of any particular classification. Tubwell v. Griffith, 742 F.2d 250 (5th Cir. 1984). Furthermore, this court finds Mississippi Code Annotated § 47-5-138.1 does not create an expectation of being assigned trusty status but provides for the allowance of the reduction of a sentence once the offender has been placed in trusty status.

Finally, this court notes that to the extent the plaintiff is arguing that MDOC has otherwise incorrectly calculated her sentence which would result in an earlier release, she must pursue that claim through a petition for habeas relief. The plaintiff must pursue claims that affect her eligibility for, or entitlement to, accelerated release through habeas corpus. Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (citing Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989)). However, before the plaintiff can pursue this matter through habeas corpus in federal court, she is required to exhaust her available state remedies. Preiser v. Rodriguez, 411 U.S. 475 (1973); Thomas v. Torres, 717 F.2d 248, 249 (5th Cir. 1983). Since the plaintiff does not allege that she has presented a claim relating to the calculation of her sentence to the Mississippi Supreme Court, she has not yet satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). Therefore this complaint will not be liberally construed as a petition for habeas corpus relief and will be dismissed.

## Conclusion

It is clear that the plaintiff was not committed to the custody of MDOC on October 25, 2005, and that there is no constitutionally protected right to be classified in "trusty" status. Therefore, the plaintiff's § 1983 claims relating to her "in custody" status and "trusty" classification are frivolous and will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) with prejudice. However, as for any habeas claim the plaintiff may have, those claims are dismissed without prejudice.

## Three-strikes warning

Since this case is dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i) of the Prison Litigation Reform Act, it will be counted as a "strike". If the plaintiff receives "three strikes," she will be denied in forma pauperis status and will be required to pay the full filing fee to file a civil action or appeal.

A final judgment will be entered in accordance with this memorandum opinion.

SO ORDERED this the   8th   day of July, 2008.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE